(C.D. 3597)

W. J. Byrnes & Co., Inc.
National Welding Equipment et al. } *v.* United States

United States Customs Court, Second Division

(Decided October 30, 1968)

*Glad & Tuttle* for the plaintiffs.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before Rao and Ford, Judges

Rao, Chief Judge: Counsel for the respective parties have submitted these cases for decision on a stipulation reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiffs and the Assistant Attorney General for the United States that the items marked "A" and initialed GLS (Import Specialist's Initials) by Gerald L. Spindle (Import Specialist's Name) on the invoices covered by the protests enumerated on Schedule "A" attached hereto and made a part hereof and assessed with duty at 45%, 40½% or 36% ad valorem under paragraph 359, consists of rubber face masks similar in all material respects to the merchandise the subject of *W. J. Byrnes & Co. Inc., National Welding Equipment Co.,* v. *United States*, C.D. 2613, wherein said merchandise was held dutiable under the provision for manufactures of india rubber at 12½% under paragraph 1537(b), as modified.

IT IS FURTHER STIPULATED AND AGREED that the record in *W.J. Byrnes & Co. Inc., National Welding Equipment Co.,* v. *United States,* C.D. 2613 be incorporated in the record of this case and that the protests be submitted on this stipulation, the protests being limited to the items marked "A" as aforesaid.

In view of this stipulation and on the authority of the decision cited, we hold that the merchandise represented by the items marked with the letter "A" and with the initials of the import specialist on the invoices accompanying the entries covered by the protests enumerated on schedule "A," attached hereto and made a part hereof, is

properly dutiable at 12½ per centum ad valorem, under paragraph 1537(b) of the Tariff Act of 1930, as modified by the Japanese Protocol to the General Agreement on Tariffs and Trade, 90 Treas. Dec. 234, T.D. 53865, supplemented by T.D. 53877, as manufactures of india rubber, not specially provided for.

To that extent the protests are sustained. As to all other claims, they are overruled. Judgment will be entered accordingly.